[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 06-14476
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 10, 2007
THOMAS K. KAHN
CLERK

D. C. Docket No. 06-00029-MC-4

IN RE:

BENJAMIN EICHHOLZ,

Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

**(January 10, 2007)**

Before ANDERSON, BIRCH and WILSON, Circuit Judges.

PER CURIAM:

Benjamin Eichholz appeals his two year suspension from the practice of law before the United States District Court for the Southern District of Georgia. Following a hearing on an order to show cause, the bankruptcy court found that Eichholz had violated the Georgia Rules of Professional Conduct by breaching

duties owed to his clients under Rules 1.1, 1.2, 1.3, and 1.4 and to his profession under Rules 5.3 and 5.5. The bankruptcy court found that Eichholz knowingly violated Rules 5.3 and 5.5 and violated the other rules with gross negligence. The bankruptcy court further found that these infractions were aggravated by his pattern of misconduct, substantial experience practicing law, lack of acceptance of responsibility, and the vulnerability of his clients. The bankruptcy court issued a report and recommendation to the district court, which recommended a two year suspension of his privilege to practice in the District Court for the Southern District of Georgia followed by a one year probation. The district court reviewed the report and recommendation along with the entire record. The district court adopted the bankruptcy court's findings and imposed the recommended sanctions. On appeal, Eichholz argues that the district court abused its discretion in finding that clear and convincing evidence supported the conclusion that he violated Georgia Rules of Professional Conduct. Further, he asserts that his due process rights were violated and the sanctions were too harsh.

We review disciplinary orders entered by the district court for a clear abuse of discretion. *See In The Matter of Calvo*, 88 F.3d 962, 967 (11th Cir. 1996). "An abuse of discretion arises when the district court's decision rests upon a clearly erroneous finding of fact, an errant conclusion of law, or an improper application

2

of law to fact." *United States v. Baker*, 432 F.3d 1189, 1202 (11th Cir. 2005).

Federal courts have the inherent authority to sanction lawyers for misconduct. *In re Finkelstein*, 901 F.2d 1560, 1564 (11th Cir. 1990). The Georgia Rules of Professional Conduct and the ABA Model Rules of Professional Conduct govern attorneys practicing before the United States District Court for the Southern District of Georgia. S.D. Ga. R. 83.5(d).

We find that there was clear evidence that Eichholz was repeatedly derelict in his duties to his clients and to the court. At the hearing before the bankruptcy court, Eichholz's clients testified that they lacked significant contact and meaningful communication with him. One client testified that Eichholz had settled a case without proper settlement authority. Eichholz's former employee testified that she heard from upset clients who did not know that their case was settled or had issues with their settlement. Evidence supports a finding that Eichholz settled cases without settlement authority. In addition, Eichholz repeatedly failed to appear before the bankruptcy court on motion hearings or to ensure the presence of adequate substitute counsel. Furthermore, his former employees testified that non-lawyer employees routinely signed Eichholz's name to documents filed in the bankruptcy court, and that he did not prepare or review these documents before they were filed. Additional evidence showed that Eichholz failed to supervise his

employees, allowing these non-lawyer employees to engage in activities that required legal knowledge such as explaining legal documents to clients. Given the evidence, the district court did not abuse its discretion in finding that such conduct clearly violated the Georgia Rules requiring competent representation (Rule 1.1), representation of client's interests (Rule 1.2), diligence (Rule 1.3) and reasonable communication with clients (Rule 1.4), as well as those requiring supervision of non-lawyer employees (Rule 5.3) and prohibiting assisting others in the unauthorized practice of law (Rule 5.5.).

We also find that Eichholz's due process rights were not violated. Eichholz was given both notice and an opportunity to be heard by the bankruptcy court. Eichholz was present at the bankruptcy court's hearing, able to present evidence, and confront witnesses against him. The hearing, which followed an order to show cause, met the standards of procedural due process and the district court could rely on it. *See Greer's Refuse Service, Inc. v. Browning-Ferris Industries of Delaware*, 843 F.2d 443 (11th Cir. 1988) (allowing the district court to rely on state court disciplinary proceedings in imposing sanctions). Finally, while the punishment was harsh, we cannot say that the district court abused its discretion. The American Bar Association Standards for Imposing Lawyer Sanctions provide that suspension is appropriate for a number of Eichholz's actions, including his pattern

4

of neglect under Standard 4.42, his lack of competence under Standard 4.52, and his violation of duties owed to the profession under Standard 7.2. While the sanctions in the Georgia Rules are not binding on the federal courts, it is notable that for all but one of the rules Eichholz violated the maximum sanction is disbarment. Although Eichholz had never been formally disciplined by the District Court of Southern District of Georgia, his prior misconduct was noted in previous written opinions, and his current practice showed a repeat pattern of disregard for professional standards. Thus, the district court was well within its discretion to impose a suspension.

Because we can discern no reversible error, we affirm the district court's decision and the sanctions imposed.

**AFFIRMED.**